UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

NERI SHEYLA GARCIA VASQUEZ,                                        Petitioner,

v.                                                        Civil Action No. 4:26-cv-42-RGJ

JASON WOOSLEY, et al.,

                                                                Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Neri Sheyla Garcia Vasquez's motion to reopen the Petition for Habeas Corpus. [DE 13; DE 1]. Respondents responded on May 4, 2026. [DE 14]. For the reasons below, this Court **GRANTS** the motion to reopen and the Petition for Writ of Habeas Corpus. [DE 1; DE 13].

### I.      Background

Petitioner Neri Sheyla Garcia Vasquez ("Vasquez") is a 26-year-old native and citizen of Mexico. [DE 1 at 13-14]. Vasquez has been present in the United States since January 2015. [DE 14-1 at 83]. Vasquez entered the United States without inspection. [*Id.*].[1] Vasquez has resided in Indianapolis, Indiana since her arrival. [*Id.*].

In May 2016, Vasquez and her mother were the victim of a felonious assault in Indianapolis. [DE 1 at 13-14]. Following the assault, Vasquez applied for a U non-immigrant visa. [*Id.*]. On July 15, 2022, the United States Citizenship and Immigrations Services ("USCIS") issued a notice of a favorable Bona Fide Determination letter. [*Id.*]. In connection with the application, Vasquez was granted Employment Authorization through July 2026. [*Id.*].

On September 27, 2025, Vasquez and her mother arrived at their home to find Vasquez's stepfather alone with another woman. [*Id.*]. After an altercation between Vasquez's mother and

---

[1] The United States concedes that Vasquez entered "without inspection." [DE 14-1 at 83].

the other woman, the local police were dispatched. [*Id.*]. The local police arrested Vasquez and her mother and detained them at the Marion County Jail. [*Id.*]. No charges were filed against either party. [*Id.*]. However, the local police contacted Immigration and Customs Enforcement ("ICE"). ICE then lodged an immigration detainer with the local jail. [*Id.*]. On October 1, 2025, ICE took custody and detained Vasquez. [*Id.*]. She was transferred to Grayson County Jail in the Western District of Kentucky. [*Id.*].

On January 26, 2026, Vasquez filed a Petition for a writ of habeas corpus with this Court. [DE 1]. On January 28, 2026, prior to the United States's response to the Petition, ICE released Vasquez from detention. [DE 10]. Vasquez filed a notice to dismiss without prejudice, which the Court granted and subsequently closed the matter. [DE 11].

On February 11, 2026, ICE re-detained Vasquez in Indianapolis, Indiana and transferred her to Grayson County Jail in the Western District of Kentucky. [DE 13; DE 14]. She was detained pursuant to an I-200, Warrant for Arrest. [DE 14-1 at 83]. She has remained at Grayson County Jail since February 11. [DE 13]. In related immigration proceedings, on March 12, 2026, an Immigration Judge ordered Vasquez to be removed to Mexico. [DE 14 at 78]. Vasquez has appealed this Order, and it is currently pending with the Board of Immigration Appeals ("BIA"). [*Id.*].

Now, Vasquez moves to reopen her Petition. [DE 13 at 71]. Vasquez seeks release based on the same grounds as originally requested, that is, that she is detained without bond in violation of her due process rights. [DE 1 at 5; DE 13 at 71]. The United States asserts that motion should be denied because "Petitioner is lawfully detained pursuant to 1225(b)(2)(a)." [DE 14 at 79].

According to Vasquez, ICE contends that based on interim guidance from DHS, issued July 8, 2025, titled "Interim Guidance Regarding Detention Authority for Applicants for Admission," only those noncitizens who have already been admitted into the United States are

eligible to be released during removal proceedings and all other noncitizens are subject to mandatory detention, under 8 U.S.C. § 1225 ("Section 1225"), not Section 1226. [DE 1 27-28]. This is a reversal of longstanding policy. [*Id.*].

Vasquez asserts that the United States illegally detained her under Section 1225 instead of Section 1226 in violation of the INA. [*Id.* at 29-30]. And that this prolonged detention is in violation of her Due Process Rights under the Fifth Amendment. [*Id.*]. Therefore, Vasquez seeks release from her detention, or in the alternative, to hold a bond hearing before a neutral IJ to determine whether she should remain in custody. [*Id.*].

In response, the United States acknowledges that this case "is premised upon the 8 U.S.C. § 1225/§ 1226 detention issue" but "because Petitioner is an applicant for admission lawfully detained under 1225(b)(2)(a), she cannot show extraordinary circumstance warranting reopening this case." [DE 14 at 77-79]. And requests that the Court deny the motion. [*Id.*].

## II.    DISCUSSION[2]

### A.  Motion to reopen

Rule 60(b)(1) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." *Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 332–33 (6th Cir. 2003) (quoting Fed. R. Civ. P. 60(b)(1)). Rule 60(b)(2) provides that a party may request relief because of "newly discovered evidence." Fed. R. Civ. P. (60)(b)(2). "The movant needs to show by clear and convincing evidence (1) that it exercised due diligence to obtain the evidence and (2)

---

[2] Neither party asserted any jurisdiction-related arguments. However, the Court has analyzed jurisdiction of remedies in similar circumstances, such as *Edahi*, 2025 WL 3466682, at *2-3 and incorporates its reasoning into this opinion. Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

3

that the evidence is material, *i.e.*, would have clearly resulted in a different outcome." *Luna v. Bell,* 887 F.3d 290, 294 (6th Cir. 2018). And Rule 60(b)(6) is the "catchall provision." *Kelmendi v. Detroit Bd. Of Educ.,* 780 F. App'x 310, 312 (6th Cir. 2019). "[C]ourts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not address by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Although a Rule 60(b) motion should only be granted in "extraordinary circumstances" district courts have discretion to grant them when necessary to prevent injustice. *Buck v. Davis*, 580 U.S. 100, 123 (2017). The party "seeking to invoke the Rule bears the burden of establishing that its prerequisites are satisfied." *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

First, pursuant to rule 60(b)(1), Vasquez states that the Order mooting the case was entered "under a mistaken premise, namely, that Petitioner's release mooted the controversy permanently." [DE 13 at 73]. "Mistakes" for purposes of Rule 60(b)(1) can be construed as both "legal errors" and "judicial mistakes." *Harvey v. United States*, 2017 WL 89492, *4 (W.D. Ky. Jan. 9, 2017). Legal errors refer to identifying and applying the incorrect legal standard and judicial mistakes refer to mistakes as to applying relevant law. *See Pierce v. United Mine Workers Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985); *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983). Here, Vasquez states that the "mistake" was based on a factual "mistaken premise." [DE 13 at 73]. Vasquez does not assert that the Order to moot the case was a legal or judicial mistake. Thus, the Court finds Rule 60(b)(1) inapplicable. *Melton v. Litteral,* 2018 WL 5258626, *4 (W.D. Ky. Oct. 22, 2018).

Second, pursuant to Rule 60(b)(2), Vasquez asserts that the Court entered the Order "without knowledge of Petitioner's re-detention." [DE 13 at 73]. To prevail under Rule 60(b)(2), Vasquez would need to show that she (1) exercised due diligence to obtain the evidence and (2)

that the evidence is material, *i.e.*, would have clearly resulted in a different outcome." *Luna v. Bell,* 887 F.3d 290, 294 (6th Cir. 2018). At the time the Court dismissed the matter, Vasquez could not have "presented to the Court" evidence of detention, because Vasquez was not yet re-detained. *Watts v. Federal Exp. Corp.,* 52 F. App'x 819, 821 (6th Cir. 2002). And second, if Vasquez were detained, this would have "resulted in a different outcome." *Luna,* 887 F.3d at 294. Thus, both prongs are met and the Court finds reopening the matter appropriate under Rule 60(b)(2). *Id.*

And lastly, pursuant to Rule 60(b)(6), Vasquez contends the catch-all provision "applies precisely to prevent final judgments from producing inequitable results when subsequent developments render the earlier basis for dismissal untenable." [*Id.* at 72]. The United States asserts that because Petitioner is lawfully detained, there are no extraordinary circumstances warranting reopening the case. [DE 14 at 79].

Courts should only reach 60(b)(6) "in exceptional or extraordinary circumstances which are not address by the first five numbered clauses of the Rule." *Hopper,* 867 F.2d at 294. Nonethless out an abundance of caution, the Court will address 60(b)(6). Rule 60(b)(6) motions are "'particularly appropriate . . . in the context of a habeas proceeding in which conventional notions of finality have no place.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir. 1986). "Courts have noted that Rule 60(b)(6) relief is especially appropriate in cases where the interest in finality is somehow abrogated." *Id.* at 528. Further, "[c]onventional notions of finality. . . have no place where life or liberty is at stake and infringement of constitutional rights is alleged." *Sanders v. United States,* 373 U.S. 1, 8 (1963).

Here, Rule 60(b)(6) relief is appropriate. The Court did not reach the merits of Petitioner's petition but closed the case because the Petitioner was no longer being detained. [DE 11]. However, Vasquez has been re-detained and is back at Grayson County Jail. [DE 13 at 71]. The

5

"finality" of the matter has been "abrogated" by Respondents' re-detention of Vasquez. *Blue Diamond Coal Co.,* 249 F.3d at 528. Respondents do not deny this fact. Respondents contend that the Court should solely deny the motion to reopen because Vasquez is an applicant for admission. [DE 14 at 77]. But as discussed below, this detention contradicts binding Sixth Circuit case law. Thus, because Petitioner has been detained and is pursuing the same habeas relief she previously sought, the "conventional notions of finality" do not apply to this matter. *Blue Diamond Coal Co.,* 249 F.3d at 524. And, as noted, Vasquez is alleging infringement of constitutional rights, which further weighs in her favor of reopening the matter. *Sanders,* 373 U.S. at 8. Accordingly, the Court finds that "extraordinary circumstances," namely Vasquez's re-detention shortly after her release, warrant reopening the matter pursuant to Rule 60(b)(6). *Hopper,* 867 F.2d at 294.

### B. Section 1225(b)(2) vs. Section 1226

While the relevant facts are undisputed by the parties, the United States argues Section 1225 applies to Vasquez's detention, not Section 1226. [DE 14 at 77-78]. The United States acknowledges that the Court has previously ruled on the substantive question regarding § 1225 mandatory detention. [*Id.*].

In *Lopez-Campos v. Raycraft*, 2026 WL 1283891, at *4–9 (6th Cir. May 11, 2026) the Sixth Circuit rejected the United States's broad interpretation of Section 1225. The Sixth Circuit held that the detention of noncitizens, like Lopez-Campos, who entered the United States without inspection and who have resided in the interior, is governed instead by Section 1226(a), *id.* at *9, and that the continued detention of those noncitizens without a bond hearing violates the Due Process Clause of the Fifth Amendment. *Id.* at *13. A published decision of the Sixth Circuit binds the Court. *Wright v. Spalding,* 939 F.3d 695, 700 (6th Cir. 2019).

The Sixth Circuit's opinion is in line with other circuits, such as the Second, Seventh, and Eleventh, *Cunha v. Freden,* --- F.4th --- 2026 WL 1146044, *4-*23 (2d Cir. Apr. 28, 2026);

*Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th --- 2026 WL 1223250, *9-*21 (7th Cir. May 5, 2026); *Alvarez v. Warden,* --- F.4th --- 2026 WL 1243395, *1-*22 (11th Cir. May 6, 2026), as well as this Court's previous opinions *Edahi v. Lewis*, 2025 WL 3466682, at *5-*13 (W.D. Ky. Nov. 27, 2025) and *Vicen v. Lewis,* 2026 WL 541171, *2–*9 (W.D. Ky. Feb. 26, 2026). The reasonings of all these decisions are incorporated here by reference. For all the reasons set forth in *Lopez-Campos*, the other Circuit Court opinions, and this court's previous opinions, the United States has violated the due process rights of Vasquez.

## VI.    Conclusion

For the reasons stated above, the United States has violated Vasquez's due process rights. The Court **GRANTS** Vasquez's motion to reopen, [DE 13], Vasquez's Petition for Writ of Habeas Corpus [DE 1], and orders the following:

I.     The United States is directed to release Petitioner Vasquez immediately because of the unlawful detention in violation of her due process rights.

II.    The United States must provide her with a bond hearing before a neutral IJ pursuant to Section 1226.

III.   The United States must certify compliance with the Court's order by a filing on the docket **by May 20, 2026.**

Rebecca Grady Jennings, District Judge
United States District Court

May 19, 2026